IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| PROVIDENCE PROPERTY & CASUALTY INSURANCE COMPANY, | § § § | |
| Plaintiff and Counter-Defendant, | § § | |
| v. | § § | |
| PEOPLEASE CORPORATION AND PLC SERVICES, INC., | § § § | |
| Defendants and Counter-Plaintiffs, | § § § | CASE NO. 4:06cv285 |
| v. | § § | |
| PROVIDENCE HOLDINGS, INC. and IMPERIAL CASUALTY AND INDEMNITY INSURANCE COMPANY, | § § § § | |
| Counter-Defendants. | § § | |

**REPORT AND RECOMMENDATION OF UNITED STATES
<u>MAGISTRATE JUDGE</u>**

On August 2, 2007, the Court held a telephonic hearing on Plaintiff's and Counter-Defendants' Application for Preliminary Injunction (Dkt. 61) and Plaintiff's and Counter-Defendant's Motion to Compel Expedited Discovery (Dkt. 62). Counsel for all parties were present at the hearing and given the opportunity to present arguments to the Court. Having considered the motion and the arguments of counsel, the Court has ruled as indicated below.

In their motion, Plaintiff and Counter-Defendant Providence Property & Casualty Insurance Company ("PPC") and Counter-Defendants Imperial Casualty and Indemnity Company ("Imperial") and Providence Holdings, Inc. ("PHI") (collectively "Providence") seek an immediate preliminary

1

injunction to prevent Defendants PeopLease Corporation and PLC Services, Inc. (together "PeopLease") from taking any action to transfer their material assets for the purpose of hindering, delaying or defrauding Providence.

The Court finds that Providence has laid sufficient grounds to entitle it to a temporary restraining order to prevent the transfer of any of PeopLease's material assets until the Court can hear and consider evidence during a full evidentiary hearing on Providence's request for a preliminary injunction. Specifically, Providence has made a sufficient showing that there is a substantial likelihood that it will succeed on the merits of its claims against PeopLease. Moreover, Providence has shown that immediate and irreparable harm may result if PeopLease is not enjoined from transferring its assets to PLC Acquisition, LLC and/or PLC Holdings, Inc., or others. Further, the Court finds that the threatened injury to Providence outweighs any potential harm to Defendants, and that the entry of a temporary restraining order will not disserve the public interest.

Therefore, a temporary restraining order should be issued and shall remain in effect until August 14, 2007, or otherwise terminate with this Court's decision on Providence's Application for Permanent Injunction, whichever is sooner. PeopLease and its officers, employees, agents, servants, employees, attorneys, affiliates, subsidiaries, successors, and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise should be enjoined and restrained from:

1. Consummating the asset purchase agreement with PLC Acquisition, LLC and/or PLC Holdings, Inc.;
2. Consummating any like or similar transaction as that contemplated in the asset purchase agreement with any other entity or person;

3. Assigning the client service agreements with current clients to PLC Acquisition, LLC and/or PLC Holdings, Inc.;

4. Requesting, demanding, suggesting, or otherwise inducing a current client to terminate their client service agreement, or assign or consent to assign their contracts to another entity; or

5. Arranging with another entity, staff leasing company, or professional employer organization to accept PeopLease's current clients as clients of the other entity, staff leasing company, or professional employer organization.

The time period for the temporary restraining order shall expire according to the terms of this Order, unless, for good cause shown, it is extended or unless the parties agree that it be extended and the extension is entered into the record. The evidentiary hearing on Plaintiff's and Counter-Defendants' Application for Preliminary Injunction (Dkt. 61) is scheduled for ***August 13, 2007 at 1 p.m. at the United States Courthouse Annex, Chase Bank Building, 200 North Travis, Sherman, Texas 75090.*** The parties are expected to attend and present the evidence necessary to support their position.

The Court finds that a bond in the amount of $ 1,000 is to be posted as security pursuant to Federal Rule of Civil Procedure 65(c).

Further, having considered Providence's request for expedited discovery, the Court finds that the documents Providence has requested will aid the Court in determining whether to grant Providence's request for preliminary injunction. The Court, therefore, grants Plaintiff's and Counter-Defendant's Motion to Compel Expedited Discovery (Dkt. 62) and orders PeopLease to produce to Providence the requested documents ***no later than 5 p.m. on August 9, 2007.*** Any documents produced shall be subject to the existing protective order in this matter.

**Recommendation**

Based on the foregoing, the Court recommends that the district court enter a temporary restraining order preventing PeopLease from transferring any material assets, as described above. In conjunction with this recommendation, the Court grants Plaintiff's and Counter-Defendant's Motion to Compel Expedited Discovery (Dkt. 62) and orders the requested documents to be produced no later than 5 p.m. on August 9, 2007, subject to the protective order in place. The Court further sets Plaintiff's and Counter-Defendants' Application for Preliminary Injunction (Dkt. 61) for an evidentiary hearing before the Magistrate Judge on August 13, 2007 at 1 p.m.

Within ten (10) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 3rd day of August, 2007.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE