IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| PROVIDENCE PROPERTY & CASUALTY INSURANCE COMPANY, | § § | |
|     Plaintiff and Counter-Defendant, | § | |
| v. | § § | CASE NO. 4:06cv285 |
| PEOPLEASE CORPORATION AND PLCSERVICES, INC., | § § | |
|     Defendants and Counter-Plaintiffs, | § § | |
| v. | § | |
| PROVIDENCE HOLDINGS, INC. and IMPERIAL CASUALTY AND INDEMNITY INSURANCE COMPANY, | § § § | |
|     Counter-Defendants. | § | |

**ORDER ON PLAINTIFF'S AMENDED
<u>MOTION TO EXCLUDE EXPERT TESTIMONY</u>**

On November 15, 2007, the Court held an evidentiary hearing on Plaintiff's Amended Motion to Exclude Expert Testimony (Dkt. 103). After considering the evidence presented and arguments of counsel, and for the reasons set forth more fully below, the Court grants the Motion.

### LEGAL STANDARD

While the district court must act as a gatekeeper to exclude all unreliable expert testimony, "the rejection of expert testimony is the exception rather than the rule." FED. R. EVID. 702 advisory committee's notes (2000) (citing *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579, 113 S. Ct. 2786, 2796-97, 125 L.Ed.2d 469 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 119 S. Ct. 1167, 143 L.Ed.2d 238 (1999)). Rule 702 of the Federal Rules of Evidence governs the admissibility of expert testimony. Expert testimony is admissible only if the proponent demonstrates that: (1) the

1

expert is qualified; (2) the evidence is relevant to the case; and (3) the evidence is reliable. *Watkins v. Telsmith, Inc.*, 121 F.3d 984, 988-89 (5th Cir. 1997).

In this case, Providence's challenge to PeopLease's expert, Olie Jolstad, focuses on the reliability of the methodology underlying his opinions rather than his qualifications to render such opinions. To be reliable and therefore admissible under Rule 702 of the Federal Rules of Evidence, expert testimony as to a scientific, technical, or other specialized area must: (1) assist the trier of fact to understand the evidence or to determine a fact in issue; (2) be based upon sufficient facts or data; (3) be the product of reliable principles and methods; (4) and have reliably applied the principles and methods to the facts. FED. R. EVID. 702.

In evaluating the scientific validity or reliability of expert testimony, the Court in *Daubert* noted some non-exclusive factors for the district court to consider: (1) whether the theory or technique has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error of the method used; (4) the existence and maintenance of standards and controls in the methodology; and (5) whether the theory or method has been generally accepted by the scientific community. *Daubert,* 509 U.S. at 593-94, 113 S. Ct. at 2796-97. While a court may consider the factors outlined in *Daubert*, the test of reliability is flexible and *Daubert*'s list of factors may not apply to experts in every case. *Kumho Tire Co.*, 526 U.S. at 141, 119 S. Ct. at 1171.

## ANALYSIS

Expert testimony must be the product of reliable principles and methodology in order to be admissible. FED. R. CIV. P. 702. Plaintiff Providence argues here that the testimony of PeopLease's

expert, Olie Jolstad, should be excluded because it does not meet the standards set forth in Rule 702 and *Daubert*. Specifically, Providence argues that the opinions contained in Jolstad's report are not based on a reliable methodology but are merely a result of Jolstad "eye-balling" claims files and estimating the potential damages to PeopLease as a result of Providence's alleged handling of claims files.

Jolstad's testimony focuses on two areas. First, he opines that Providence's claims handling procedures are flawed. He cites several examples where he believes that Providence's claims handling is either deficient or negligent. In his affidavit, Jolstad states that Providence made numerous reserve changes to files which is a "red flag." He also says that outsourcing claims management cost PeopLease money and claims that Providence failed to properly investigate claims. Providence also incurred fines and assessments for late payment of benefits which charges were passed back to PeopLease. Jolstad cites numerous errors in the files and notes that some expenses charged to the file were unreasonable and unnecessary.

However, at the hearing Jolstad testified that he could not put a damage number for Providence's claims bungling. In other words, Jolstad invites the jury to do what either he could not do or would not do.

The Court finds that, in any event as to claims handling, Providence could handle claims in such manner as it chose. *LeJeune v. Gulf States Utilities Co.*, 410 S.W.2d 44, 49 (Tex. Civ. App. - Beaumont, 1966, writ ref'd n.r.e). Most of the cases relied upon by Providence involve claims handling procedures as to third party insurance claims. In those cases, there is no duty owed to the insured other than the recognized *Stowers* duty. *See generally Mid-Continent Ins. Co. v. Liberty*

3

*Mut.,* __ S.W.3d __, 2007 WL 2965401 (Tex. 2007).

As Providence points out, the only duty owed the insured is to settle within the policy limits if warranted. The policy in this case is a policy for excess coverage with the first million essentially self-insured. The Court has found no cases in Texas or any other jurisdiction which expressly define a duty where there is a large deductible which is essentially a self insurance policy. However, the end result here is that the first million is classified as a deductible. If PeopLease failed to pay the deductible, Providence is on the hook as the insurer for payment under the policy. Although no claim has exceeded the deductible, such does not change the nature of the insured-insurer relationship. Providence had the contractual right to pursue subrogation. However, it was not obligated to do so.

Under the contract, Providence is subrogated for payments made by it to Peoplease's employees: "G. Recovery from Others. We have your rights, and the rights of persons entitled to benefits of this insurance, to recover our payments from anyone liable for the injury...." Section 417.001 of the Labor Code provides that an insurance carrier is subrogated to the rights of the injured employee and *may* enforce the liability of the third party in the name of the injured employee or the legal beneficiary. V.T.C.A. Labor Code § 417.001. The same statute also provides that subsequent injury fund recoveries belong to the Commission. *Id.*

At the hearing, Jolstad testified that he had not taken into consideration how the monies would be divided on recovery. In other words, he did not factor in any division of proceeds as to PeopLease, the attorney hired to pursue the claim or recovery to the employee. As he acknowledged, the split would generally be a third for each. In addition, he did not analyze whether the employee

would be subject to any defenses such as comparative negligence.  In some instances, he based his calculation on the reserved amount and not the amount actually paid.

After hearing the testimony and reviewing the evidence presented at the hearing, the Court finds Jolstad's overall methodology is flawed.  Specifically, the Court finds that Jolstad's opinions as to "Subrogation and/or Second Injury Recoveries not Pursued and/or Credited to Claims Files," summarized on line H on Table 1 of his June 14, 2007 report (*see* Dkt. 103, page 46), should be stricken for the reasons noted above.  Moreover, after a careful analysis of the case law, the Court finds that Providence had no duty to pursue subrogation or second or subsequent injury fund recovery.  In light of this analysis, Jolstad's testimony is not relevant to any issue and should be excluded.

Plaintiff's motion is, therefore, GRANTED.

**SO ORDERED.**

 **SIGNED this 21st day of November, 2007.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE